```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
         DALLAS DIVISION
```

| | |
|---|---|
| CIGNA HEALTHCARE OF TEXAS, INC., et al., | § § § |
| Plaintiffs, | § § |
| | § Civil Action No. 3:20-CV-0077-D |
| VS. | § § |
| VCARE HEALTH SERVICES, PLLC, et al., | § § § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In this civil action seeking damages and other relief related to an alleged scheme to commit healthcare fraud, defendant Trivikram Reddy ("Reddy") moves to stay or abate the case until his criminal trial is concluded. For the reasons that follow, the court denies the motion.

I

On November 20, 2019 Reddy was indicted on one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. The indictment charges, *inter alia*, that Reddy "engaged in an illegal scheme to unlawfully enrich himself by submitting and causing the submission of false and fraudulent claims to Medicare for medical procedures that were either not performed at all or not performed by the provider claimed." Ps. App. 1. The criminal case against Reddy is currently pending in the Northern District of Texas and is set

for trial on July 27, 2020.[1]

Just over one month after the grand jury indicted Reddy, plaintiffs Cigna Healthcare of Texas, Inc., Cigna Health and Life Insurance Company, and Connecticut General Life Insurance Company (collectively, "Cigna")[2] sued Reddy and seven other defendants: VCare Health Services, PLLC ("VCare"), Waxahachie Medical, PLLC ("Waxahachie Medical"), Texas Care Clinics, PLLC ("Texas Care Clinics"), Mary Boggan ("Boggan"), and John Does 1-3. Plaintiffs allege in their complaint, *inter alia*, that VCare, Waxahachie Medical, and Texas Care Clinics (collectively, the "Corporate Entities"), which purport to render services for weight loss and pain management, are shell corporations jointly controlled by Reddy and managed by Boggan; that "[d]efendants have used the [Corporate Entities] interchangeably as part of a continuing sham to perpetrate healthcare fraud," Compl. ¶ 3; that John Does 1-3 purported to act as supervising physicians at the Corporate Entities and made knowing and/or negligent misrepresentations to Cigna and its members; and that defendants submitted fraudulent healthcare claims to Cigna for services that were never rendered and/or were not performed or reviewed by a managing physician, altered medical diagnosis codes and information so that the claims would be reimbursed at higher rates, falsified medical records, failed to produce or maintain medical records to support the services billed or to prove the

---

[1]In his instant opposed emergency motion to stay or abate case, Reddy stated that his criminal case was set for trial on March 23, 2020. Reddy thereafter filed an unopposed motion to continue that the court granted, resetting Reddy's trial to July 27, 2020.

[2]Plaintiffs are insurers and administrators who provide insurance coverage plans and administer employee health and welfare benefit plans.

legitimacy of the defendants' healthcare claims, lied to Cigna and its members about what services were rendered and by whom, and routinely engaged in the practice of fee forgiveness, in violation of the Texas Insurance Code and the agreements between Cigna and its members. Cigna seeks to recover on claims that Reddy is the alter ego of the Corporate Entities; overpayments under ERISA[3]; and non-ERISA-based claims for common law fraud, civil conspiracy, unjust enrichment, negligent misrepresentations, declaratory relief,[4] money had and received, negligent supervision, and exemplary damages.

Reddy now moves to stay or abate this civil action until his criminal case is resolved, or, in the alternative, to partially stay the civil action as to him pending the resolution of his criminal charges. Cigna opposes the motion.[5]

II

"[A] district court may stay a civil proceeding during the pendency of a parallel criminal proceeding. Such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (citing *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. Oct. 1981)). "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)

---

[3]The Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

[4]The declaratory relief claim is both ERISA- and non-ERISA-based.

[5]Reddy filed his motion on February 13, 2020, and Cigna responded on March 4, 2020. Reddy's reply brief, had he opted to file one, was due on March 18, 2020. Because the time for filing a reply has elapsed, the motion is now ripe for decision.

(citation omitted).

> As the Fifth Circuit has instructed, in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, "[j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed—unstayed."

*United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997) (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)). Moreover, "[i]n the proper case the trial judge should use his discretion to narrow the range of discovery" rather than staying the entire case. *Campbell*, 307 F.2d at 487.

> Courts from other jurisdictions have outlined several factors that should be considered in determining whether "special circumstances" warrant a stay, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Arevalo v. City of Farmers Branch, Tex.*, 2017 WL 1153230, at *14 (N.D. Tex. Mar. 28, 2017) (Fitzwater, J.) (quoting *Heller Healthcare Fin., Inc. v. Boyes*, 2002 WL 1558337, at *2 (N.D. Tex. July 15, 2002) (Fitzwater, J.)).

III

A

The first factor is the extent to which the issues in the parallel criminal case overlap with those in the present case, because self-incrimination is more likely if there is significant overlap. *See Volmar Distribs., Inc. v. The N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y 1993) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." (quoting Milton Pollack, *Parallel Civil & Criminal Proceedings*, 129 F.R.D. 201, 203 (1990) ("*Parallel Proceedings*"))). "If there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay." *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (citing *Parallel Proceedings*, 129 F.R.D. at 203). In determining whether issues are related, courts impose a "common-sense, fact-bound analysis." *In re Ramu Corp.*, 903 F.2d at 319.

Reddy asserts that the first factor weighs in favor of a stay because the underlying facts are "basically identical," and "[t]he issue in both proceedings is whether or not Defendant Reddy engaged in a healthcare fraud scheme." D. Br. 5. Cigna responds that, while the civil and criminal proceedings have a general connection in that both proceedings include the subject of healthcare fraud, the proceedings are substantively different because each involves separate and distinct members, healthcare plans, and payors; that the criminal proceeding pertains only to Medicare beneficiaries and the public billing of Medicare, while Cigna's lawsuit is based on purported medical services provided to its members, and seeks

damages related to Cigna's payments as claims administrator on behalf of its members and its ERISA plan clients; that the government is a party to the criminal case but not the civil case; that the criminal case concerns only one of the eight defendants named in the civil suit, i.e., Reddy, and that there is therefore minimal overlap of the parties; that Reddy has not satisfied his burden of proof and makes only unspecified claims of "special circumstances" and conclusory statements of "substantial and irreparable justice"; and that, ultimately, the overlap between the proceedings is nominal at best because the services, members, plans, and payors at issue are distinct.

The court concludes that there is some overlap between the criminal case against Reddy and this civil suit. Reddy is charged in the criminal case with conspiracy to commit health care fraud by submitting false and fraudulent claims to Medicare for medical procedures that were either not performed at all or not performed by the provider claimed, i.e., the doctors who served in the role of supervising physician for the Corporate Entities. To the extent Cigna's civil suit requires discovery of information generally related to the medical billing and claims practices of Reddy, the medical doctors he employed, or the Corporate Entities he allegedly controlled, the two cases may overlap.

But there are distinctions between the civil action and criminal case. In the civil action, Cigna's claims focus on defendants' billing and related practices for medical services purportedly provided *to Cigna members* for out-of-network services. Cigna does not seek to recover Medicare funds and does not allege any fraudulent conduct with respect to the submission of Medicare claims. In contrast, in the criminal case, the indictment is limited

to healthcare fraud in connection with medical procedures billed *to Medicare* on behalf of Medicare beneficiaries. The government does not seek to recover for any private billing to Cigna or other private insurers. And the indictment does not encompass the allegedly fraudulent claims practices that are specific to Cigna: for example, the practice of altering diagnosis codes and information so that claims are reimbursed at higher rates, or the practice of fee forgiveness, which allegedly allowed the defendants to conceal and perpetuate their healthcare fraud scheme. Moreover, Cigna is not a party to the criminal case, and although the indictment refers to the medical doctors and Corporate Entities, Reddy is the only named defendant. *See, e.g.*, *Alcala v. Texas Webb Cty.*, 625 F.Supp.2d 391, 402 (S.D. Tex. 2009) ("[T]he potential for prejudice to a criminal defense is diminished where private parties, and not the government, are the plaintiffs in the civil action." (citation omitted)).

The court finds that the overlap between the civil action and criminal case is insufficient to warrant a stay.

B

The second factor focuses on the status of the criminal case. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Librado v. M.S. Carriers, Inc.*, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002) (Fitzwater, J.) (citation omitted); *see also Trs. of Plumbers*, 886 F. Supp. at 1139. Because Reddy is under indictment rather than merely under investigation, the court finds

that the status of the criminal case weighs in favor of a stay.[6]

C

The court turns next to the third factor: plaintiffs' private interests in proceeding expeditiously, weighed against the prejudice that plaintiffs will incur due to the delay that will result from the stay. "Generally a 'civil plaintiff has an interest in the prompt resolution of his claims.'" *SEC v. Mutuals.com, Inc.*, 2004 WL 1629929, at *3 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (quoting *SEC v. Mersky*, 1994 WL 22305, at *3 (E.D. Pa. Jan. 25, 1994)). But "[n]ormally, in evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim." *Alcala*, 625 F.Supp.2d at 397 (S.D. Tex. 2009) (citation and internal quotation marks omitted).

Cigna maintains that "special circumstances" exist that support its desire to proceed with the civil suit. It argues that, under Texas law, terminated entities will only continue in existence until the third anniversary of the effective date of the entity's termination for the purpose of defending an action in the terminated entity's name; that defendants Texas Care Clinics and Waxahachie Medical both filed certificates of termination with the Secretary of

---

[6]Cigna contends that the second factor weighs against granting a stay. This is so, Cigna posits, because only nominal overlap exists since the two cases involve separate and distinct instances of culpable conduct and unrelated damages; Reddy has not declared his intention to invoke his Fifth Amendment privilege; and Reddy has not provided any evidence of the subjects that could be implicated by such a decision. The court has addressed the first of Cigna's arguments above. *See supra* § III(A). The second two arguments relate to the fourth factor and will be addressed below. *See infra* § III(D).

State in 2019; that Cigna has been unable to effect service on either entity because both have effectively evaded service of process through fraudulent filings with the Secretary of State; and that, if Cigna is unable to serve the entities before the entry of a stay, it risks losing the ability to bring its claims against these defendants. Cigna also posits that a stay would be burdensome because it would provide the defendants who remain unserved with new defenses in the form of applicable statutes of limitations, and that defendants would benefit from such defenses despite Cigna's efforts to timely prosecute its claims against them. The court is not persuaded that it should deny Reddy's stay motion based on these considerations.

Although the court recognizes that Cigna would be prejudiced if it were unable to serve process on Texas Care Clinic and Waxahachie Medical before the third anniversary of these entities' terminations and serve the remaining defendants before the various statutes of limitations expire, the court has the ability to eliminate this potential prejudice by permitting Cigna to serve all of the defendants before the stay takes effect. *See, e.g., In re Ramu Corp.*, 903 F.2d at 318 (describing trial court's "wide discretion to control the course of litigation").

Cigna also contends that the likelihood of prejudice is "heightened" in this case because "[d]efendants have already exhibited a pattern of evasiveness and obstruction." Ps. Br. 10. It contends that defendants have filed fraudulent documents with the Texas Secretary of State to avoid service of process and that Reddy has filed termination documents on behalf of two of the Corporate Entities, transferred $55 million to his mother's bank account in India, and traveled to India with his family. Although the court does not disagree that Reddy

has shown a general unwillingness to cooperate and comply with court orders in the parallel criminal case, the court is not convinced by Reddy's conduct in that case that Cigna will necessarily be prejudiced if the court enters a stay. Other than Cigna's concerns about service of process, which the court has addressed above, Cigna does not explain *how* it will be prejudiced by a stay of this case. For example, Cigna does not allege that evidence will be destroyed, witnesses will become unavailable, or additional assets will be transferred.

Nevertheless, "the compensation and remedy due a civil plaintiff should not be delayed," *Gordon v. FDIC*., 427 F.2d 578, 580 (D.C. Cir. 1970), and "[p]laintiffs have a legitimate interest in the expeditious resolution of their case," *Trs. of Plumbers*, 886 F. Supp. at 1140. Trial in the criminal case is set for July 27, 2020. Assuming that there are no additional delays, it will still take a period of some months before the criminal case is resolved. Accordingly, the court concludes that this factor weighs slightly against entering a stay.

D

The court next considers Reddy's private interest in securing a stay and the burden he would incur were a stay denied. Reddy contends that because he faces claims in the civil action for actual and exemplary damages of approximately $1.9 million, and because his personal liberty is potentially at stake in the criminal case, his "private interest . . . in seeking this stay is immeasurable." D. Br. 6. Reddy also maintains that "because the conduct at issue is almost identical, any discovery between the two cases would also overlap, thereby causing prejudice to [his] rights." *Id.* at 6-7.

When faced with related simultaneous civil and criminal proceedings, a defendant is burdened by "being compelled to choose between invoking his Fifth Amendment rights or jeopardize his defense in the civil suit, where an adverse inference may be drawn from [his] silence." *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 866065, at *4 (N.D. Tex. Mar. 17, 2008) (Fitzwater, C.J.). Yet, a party asserting prejudice to his Fifth Amendment right must demonstrate "more than the mere possibility of prejudice." *In re Ramu Corp.*, 903 F.2d at 320. "The [movant] should at least be required to make a specific showing of the harm it will suffer without a stay and why other methods of protecting its interests are insufficient." *Id.*

Reddy's conclusory assertion that "discovery between the two cases would overlap, thereby causing prejudice to [his] rights," D. Br. 6-7, is insufficient to demonstrate that Reddy faces an actual threat to his Fifth Amendment rights if the two cases proceed simultaneously. As Cigna points out, Reddy has not declared his intention to invoke his Fifth Amendment privilege, and he has not provided any evidence of the subjects that could be implicated by such a decision. And Reddy has not shown how he will be prejudiced in the civil suit or the criminal case if he invokes his Fifth Amendment privilege in both.

The court therefore concludes that this factor weighs against granting a stay.

E

The court's interest does not favor either party.[7] On the one hand, "the courts have a strong interest in moving matters expeditiously through the judicial system." *SEC v.*

---

[7]Reddy agrees that the fifth factor is neutral. *See* D. Br. 7 ("[T]he Court's interest in a stay should be considered as an overall neutral factor.").

*Kiselak Cap. Grp., LLC*, 2011 WL 4398443, at *4 (N.D. Tex. Sept. 20, 2011) (McBryde, J.). On the other hand, granting a stay "serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy." *SEC v. Offill*, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008) (Fitzwater, C.J.) (citing *Parallel Proceedings*, 129 F.R.D. at 204). "Resolution of the criminal case may increase prospects for settlement of the civil case. Due to differences in the standards of proof between civil and criminal prosecutions, the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues." *Parallel Proceedings*, 129 F.R.D. at 204. And "granting a stay will not unduly interfere with the court's management of its docket." *Heller Healthcare*, 2002 WL 1558337, at *3. The court holds that its interests do not weigh for or against a stay.

F

The court turns last to the public's interest. "The public has an interest in the just and constitutional resolution of disputes with minimal delay." *Kiselak Cap. Grp.*, 2011 WL 4398443, at *4; *see also Alcala*, 625 F.Supp.2d at 407 ("The public has an interest in the resolution of disputes with minimal delay, but only to the extent that the integrity of the defendant's rights can be maintained."). In this case, granting a stay will delay the proceedings, and Reddy has not demonstrated that, absent the stay, his constitutional rights will be burdened. This court has also noted that "[t]he degree of overlap is an important consideration in weighing the public's interests." *Walker v. Wilburn*, 2015 WL 5873392, at *9 (N.D. Tex. Oct. 5, 2015) (Fitzwater, J.) (quoting *Alcala*, 625 F.Supp.2d at 407). As explained above, although it is possible that there will be some overlap between the civil suit

and criminal case, the potential for overlap is not particularly significant.

"[T]he Fifth Circuit has long recognized the public interest in law enforcement," and

> [t]he very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Walker*, 2015 WL 5873392, at *9 (quoting *Mutuals.com, Inc.*, 2004 WL 1629929, at *4; *Campbell*, 307 F.2d at 487). In this case, however, because the potential for overlap between the civil suit and criminal case is minimal, and because Reddy has failed to show that, absent the stay, his constitutional rights will be burdened, the court finds that permitting the cases to proceed simultaneously will not subvert the public interest in law enforcement. Because the only public interest at stake here is the interest in the resolution of disputes with minimal delay, and because staying the instant case will result in delay, the court concludes that this factor weighs against a stay.

G

Having considered the foregoing factors *in toto*, the court concludes that Reddy's motion to stay or abate should be denied. "As far as the civil case is concerned, there is a strong presumption in favor of discovery, and it is the party who moves for a stay that bears the burden of overcoming this presumption." *Alcala*, 625 F.Supp.2d at 397-98 (citing *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F.Supp.2d 758, 761 (W.D. Tex.

2008)). "A district court should stay the civil case only upon a showing of 'special circumstances,' so as to prevent the defendant from suffering substantial and irreparable prejudice." *Id.* (citation omitted). Reddy has not met his substantial burden to show that parallel litigation of the civil suit and criminal case will cause him substantial and irreparable prejudice. Significantly, Reddy has not yet invoked his Fifth Amendment privilege, has not demonstrated that there will be a significant overlap of issues in the two cases, and has not shown, beyond his own vague and unsupported assertions, that he will be substantially and irreparably prejudiced if the two cases proceed simultaneously.

\* \* \*

Accordingly, for the reasons explained, Reddy's February 13, 2020 emergency motion to stay or abate case is denied.

**SO ORDERED**.

April 2, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE