IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CIGNA HEALTHCARE OF TEXAS, INC., et al., | § § § |
| Plaintiffs, | § § |
| | §  Civil Action No. 3:20-CV-0077-D |
| VS. | § § |
| VCARE HEALTH SERVICES, PLLC, et al., | § § § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In this action alleging claims under ERISA[1] and state law to recover alleged overpayments to healthcare providers, two defendants' motions to dismiss plaintiffs' ERISA-based overpayment claim under Fed. R. Civ. P. 12(b)(6) turn on the adequacy of plaintiffs' complaint, and the ERISA-based declaratory judgment claim turns on whether it is duplicative of the ERISA claim. Concluding that plaintiffs have not pleaded plausible ERISA claims, the court—in this narrow decision—dismisses those claims with leave to replead, and it declines in its discretion to reach plaintiffs' state-law claims at this time.

I

Plaintiffs Cigna Healthcare of Texas, Inc., Cigna Health and Life Insurance Company, and Connecticut General Life Insurance Company (collectively, "Cigna") are managed care companies that, *inter alia*, administer employee health and welfare benefit plans. Defendants

---

[1]The Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

VCare Health Services, PLLC, Texas Care Clinics, PLLC, and Waxahachie Medical, PLLC[2] (collectively, the "Corporate Entities") are out-of-network[3] healthcare providers that received payment on healthcare claims (some allegedly fraudulent) that they submitted to Cigna. The Corporate Entities are allegedly controlled, in whole or in part, by defendant Trivikram Reddy ("Reddy") and managed by defendant Mary Boggan ("Boggan"). Defendants John Does 1-3 (the "Managing Physicians") are individuals who represented to Cigna that they were supervising physicians at the Corporate Entities.

Cigna alleges that an investigation of the Corporate Entities uncovered numerous fraudulent billing practices.[4] It also maintains that defendants regularly engaged in "fee forgiveness,"[5] in violation of Texas law, resulting in the exclusion of billed charges from

---

[2]The court entered a default judgment against defendant VCare Health Services, PLLC on May 27, 2020. The clerk has issued an entry of default against defendants Texas Care Clinics, PLLC, and Waxahachie Medical, PLLC.

[3]Out-of-network providers are health care providers that have not entered into a provider agreement with Cigna. They charge and bill Cigna for their services at rates that they set independently, and they typically charge Cigna's members for the balance of the charges not covered by Cigna in a practice referred to as "balance billing."

[4]The complaint alleges that these practices included the following: Cigna's members received services for weight loss management but the Corporate Entities billed Cigna for pain management; Cigna's members were informed that services were performed and/or reviewed by one of the Managing Physicians, which was not in fact the case; records in support of services were falsified and were not maintained in the regular course of business; and treatments for pain management, including electromyography, Nerve Conduction Studies, injections, and ultrasound guidance were billed to Cigna but not performed.

[5]According to the complaint, under the practice of fee-forgiveness, members were not charged for their requisite deductibles, copayments, balance amounts, or coinsurance, and were not balance billed for any portion of billed charges the Cigna plan did not reimburse.

coverage under Cigna's health benefits plans; that defendants fraudulently misrepresented the amount they intended or expected to collect from their patients; and that defendants engaged in a dual-pricing scheme, fraudulently billing Cigna for excessive charges for services that did not reflect the amount they actually charged their patients or Cigna members, or that defendants actually incurred for services rendered.

Under state law, Cigna alleges that Reddy is the alter ego of the Corporate Entities, and it asserts claims against defendants for common law fraud, civil conspiracy, unjust enrichment, negligent misrepresentations, declaratory relief , money had and received, negligent supervision, and exemplary damages.  Cigna brings claims under ERISA for overpayment and declaratory judgment.

In largely identical motions, Reddy and Boggan move to dismiss Cigna's complaint. Cigna opposes the motions.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive a motion to dismiss, Cigna must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft*

- 3 -

*v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level [.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "a formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Twombly*, 550 U.S. at 555).

### III

Reddy and Boggan (collectively, "Defendants") contend that Cigna cannot recover under § 502(a)(3) of ERISA because its claims are not equitable in nature.

### A

Section 502(a)(3) provides that a fiduciary such as Cigna can bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3); *see also Sereboff v. Mid Atl. Med. Servs., Inc*., 547 U.S. 356, 361 (2006) (citing

29 U.S.C. § 1132(a)(3)).[6] The Supreme Court has narrowly interpreted the term "other appropriate equitable relief" to include only "those categories of relief that were *typically* available in equity." *Sereboff*, 547 U.S. at 361 (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993)). Thus if a plan or a plan fiduciary seeks to impose personal liability on a defendant for breach of contract, the court would not have jurisdiction under § 502(a)(3) because such relief was not typically available in equity. *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002). If, however, the plan or plan fiduciary seeks restitution in equity in the form of a constructive trust or equitable lien, the action would fall under § 502(a)(3) because it would be classified as equitable. *Id.* at 213.

"Simply framing a claim as [seeking] equitable relief is insufficient to escape a determination that the relief sought is legal." *Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Health Special Risk, Inc.*, 756 F.3d 356, 361 (5th Cir. 2014) (citing *Knudson*, 534 U.S. at 210-11; *Amschwand v. Spherion Corp.*, 505 F.3d 342, 348 n.7 (5th Cir. 2007)).

> But while "[a]lmost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages' . . . since they seek no more than compensation for loss resulting from the defendant's breach of legal duty," there are some instances in which equitable relief *can* result in monetary compensation for a plaintiff.

*Id.* (alterations in original) (quoting *Knudson*, 534 U.S. at 210) (citing *CIGNA Corp. v.*

---

[6]Cigna pleads for a permanent injunction in its ERISA overpayment claim, *see* Compl. ¶ 58, but it does not oppose Defendants' motion to dismiss on the basis that it is seeking injunctive relief.

- 5 -

*Amara*, 563 U.S. 421, 441 (2011)). To determine whether the relief a party seeks is legal or equitable, the court must consider both the basis for the claim and the nature of the underlying remedies sought. *Id.* at 363. Both must be equitable to proceed under § 502(a)(3). *Id.*

B

The parties dispute whether Cigna's claim for overpayments under § 502(a)(3) is equitable or legal. Defendants maintain that this claim must be dismissed because Cigna seeks recovery from Defendants' assets generally; that Cigna's complaint does not allege that any of the funds it seeks are specifically identifiable, within Defendants' possession or control, and/or separate and distinct from Defendants' general assets; that, to the extent Cigna attempts to characterize its § 502(a)(3) claim as one for equitable relief by asserting that the alleged overpayments are subject to an equitable lien under the terms of the plan and invoking the "tracing" method as a means of recovery, merely asserting the "tracing" method and the creation of an equitable lien are insufficient without allegations that show that the funds that Cigna is seeking are specifically identifiable, within Defendants' possession or control, and/or separate and distinct from the Defendants' general assets; that Cigna simply concludes that any overpayments are subject to an equitable lien without any reference to specific terms of the plan; and that Cigna's complaint is wholly devoid of any allegation that the supposed overpayments are currently in any defendant's possession or that they are specifically identifiable.

Cigna responds that, because it is seeking an equitable lien *by agreement*, it need not

- 6 -

show tracing. Cigna maintains that its plans authorize it to recover overpayments that it made on behalf of the plans; that plan members and providers, like the Corporate Entities, who seek payment pursuant to these plan terms, are on notice that any overpayment Cigna makes is subject to an equitable lien by agreement and rightfully belongs to Cigna; that § 502(a)(3) entitles Cigna to execute its equitable lien by recovering the overpayments it made to defendants; and that Cigna should be given the opportunity to prove the merits of its allegation that the plans create an equitable lien by agreement. Alternatively, Cigna maintains that its § 502(a)(3) claim survives as an equitable lien *by restitution* because the record adequately supports any tracing requirements: in a criminal proceeding against Reddy, the court entered a detention order based on its finding that Reddy, after receiving a civil investigative demand, transferred at least $43 million to his mother's bank account in India, and "the dissipation of funds and the mixture of funds with general assets is a genuine issue of material fact for the district court." Ps. Br. at 9.

Defendants reply that Cigna cannot recover under § 502(a)(3) based on an equitable lien because simply asserting authorization to collect overpayments on behalf of private plan participants and claiming providers are on notice of that authority are insufficient to create an equitable lien on the other defendants' or their assets. Regarding Cigna's argument that it can recover under § 502(a)(3) based on the "tracing method," Defendants respond: (1) the detention order in the criminal proceedings against Reddy "muddies the water" because the criminal case alleges that Reddy conspired to commit healthcare fraud in connection with medical procedures billed to *Medicare*, and any of the alleged overpayments from Cigna

would therefore necessarily have been commingled with payments received from the alleged Medicare fraud in addition to Defendants' general assets; and (2) even if Cigna had alleged that the funds were specifically identifiable, Cigna has failed to allege that the funds are within the possession of any of the defendants.

C

Cigna is correct that courts generally consider equitable liens by agreement to be "appropriate equitable relief" under § 502(a)(3). *See, e.g., Sereboff*, 547 U.S. at 368 (holding that plaintiff sought an equitable remedy where its claim was "indistinguishable from an action to enforce an equitable lien established by agreement"). Although the courts are split concerning whether the terms of Cigna's plans are sufficient to confer an "equitable lien by agreement,"[7] the court need not choose sides today. Instead, the court narrowly holds that Cigna has failed to plead a plausible claim based on an alleged equitable lien by agreement.

---

[7] Courts in other circuits have held that the overpayment provision in Cigna's plans creates an equitable lien by agreement. *See, e.g., Funk v. Cigna*, 648 F.3d 182, 194-95 (3d Cir. 2011) (holding that the relevant language of the agreement between the parties, which stated the plaintiff would be responsible for "reimburse[ment of] the full amount of any overpayment," was sufficient to create an equitable lien by agreement), *abrogated on other grounds by Montanile v. Bd. of Trustees of Nat'l Elevator Indus. Health Benefit Plan*, ___ U.S. ___, 136 S. Ct. 651, 656-57 & n.2 (2016); *Conn. Gen. Life Ins. Co. v. True View Surgery Ctr. One, LP*, 128 F.Supp.3d 501, 511-12 (D. Conn. 2015) (holding that plan language stating that "[w]hen an overpayment has been made by CIGNA, CIGNA will have the right at any time to . . . recover that overpayment from the person to whom or on whose behalf it was made," (italics omitted) created an equitable lien by agreement); *but cf. Conn. Gen. Life Ins. Co. v. Advanced Surgery Ctr. of Bethesda, LLC*, 2015 WL 4394408, *8-10 (D. Md. July 15, 2015) (construing plan language contained in Cigna plan and holding "[t]he language used in the Overpayment Provision cannot be understood by a plan member—or a provider that is not a party to the plan—as asserting an equitable lien or constructive trust on plan overpayments to providers.").

"ERISA-plan provisions do not create constructive trusts and equitable liens by the mere fact of their existence; the liens and trusts are created by the agreement between the parties to deliver assets." *Health Special Risk, Inc.*, 756 F.3d at 365. "Courts must look to the plan documents to determine when an equitable lien is appropriate, whether by plan terms or by implication." *Conn. Gen. Life Ins. Co. v. Humble Surgical Hosp., LLC*, 2016 WL 3077405, at *9 (S.D. Tex. Jun. 1, 2016), *reversed in part on other grounds*, 878 F.3d 478 (5th Cir. 2017); *see also Conn. Gen. Life Ins. Co. v. Advanced Surgery Ctr. of Bethesda, LLC*, 2015 WL 4394408, *9 (D. Md. July 15, 2015) ("[A]n equitable lien may be created against a person's real or personal property either by express language or by 'implication from the terms of the agreement, construed with reference to the situation of the parties at the time of the contract[.]'" (quoting *Walker v. Brown*, 165 U.S. 654, 664 (1897))). An equitable lien by agreement "arise[s] when an agreement identifies a specific fund, distinct from the obligor's general assets, and identifies a particular portion of the fund that is owed to a counter party." *ACS Recovery Servs., Inc. v. Griffin*, 723 F.3d 518, 525 (5th Cir. 2013) (citing *Barnes v. Alexander*, 232 U.S. 117 (1914); *Sereboff*, 547 U.S. at 364).

In its complaint, Cigna alleges:

> Cigna's plans authorize Cigna to recover overpayments made by Cigna on behalf of the plans. Thus, plan members and providers, like the [Corporate Entities], to whom the members assign reimbursement claims, are on notice that any overpayment Cigna makes is subject to an equitable lien by agreement and rightfully belongs to Cigna.

Compl. ¶ 53. The other allegations of count 2 (¶¶ 52, 54-58) do not add further necessary

- 9 -

detail to what ¶ 53 lacks. Accordingly, Cigna's conclusory allegations, which do not point to any particular language used in its plan documents, are insufficient to plausibly allege that Cigna's plans, explicitly or by implication, created an equitable lien over its alleged overpayments to Defendants. *See, e.g., Humble Surgical Hosp.*, 2016 WL 3077405, at *9 (plan provision authorizing recovery of overpayment "standing alone, is insufficient to create a lien or constructive trust as it does not: mention the words 'lien' or 'trust'; state that any overpayment shall constitute a charge against any particular proceeds; give rise to a security interest in such proceeds; even suggest that a trust is being sought for Cigna's and/or the plan's benefit on any particular provider payments; or advise of the need for any particular provider to preserve, segregate or otherwise hold such funds or proceeds in trust."); *but cf. Conn. Gen. Life Ins. Co. v. Elite Ctr. for Minimally Invasive Surgery LLC*, 2017 WL 607130, at *7 (S.D. Tex. Feb. 15, 2017) ("warily" agreeing that "Cigna should have the opportunity to prove that its plan provisions create an equitable lien by agreement or assignment" in light of the fact that "[d]istrict courts across the country have construed similar plan language and reached different results." (citing cases)), *amended and superseded in part*, 2017 WL 1807681 (S.D. Tex. May 5, 2017). The court therefore concludes that Cigna has not plausibly alleged a claim for equitable relief based on an equitable lien by agreement.

D

The court also rejects Cigna's contention that its § 502(a)(3) claim "still survives as an equitable lien by restitution because the record adequately supports any tracing requirements." Ps. Br. 8. In *Knudson* the Supreme Court explained:

> a plaintiff could seek restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession . . . [b]ut where the property sought to be recovered or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the defendant. Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.

*Knudson*, 534 U.S. at 213-14 (citations, brackets, and internal quotation marks omitted); *see also Health Special Risk, Inc.*, 756 F.3d at 366 ("*Sereboff* did not move away from any tracing requirement; it distinguished between equitable liens by agreement—which do not require tracing—and equitable liens by restitution—which do.").

Cigna does not plausibly allege that the sum of $1,934,502.15 in alleged overpayments that it seeks can "clearly be traced to funds or property in the defendant[s'] possession." *Knudson*, 534 U.S. at 213; *see also Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Gerber Life Ins. Co.*, 771 F.3d 150, 155 (2d Cir. 2014) ("The relief sought by Central States is not equitable because it does not assert title or right to possession of particular property, but simply asserts a claim against Gerber's general assets. For this reason, Central States cannot 'trac[e]' the money it claims to 'particular funds or property in [Gerber's] possession.'" (alterations in original) (quoting *Knudson*, 534 U.S. at 213)); *Humble Surgical Hosp.*, 2016 WL 3077405, at *11 ("Cigna is not entitled to equitable restitution of any alleged overpayments based on the 'tracing' method, as it cannot identify

any specific *res* separate and apart from Humble's general assets."). In fact, Cigna does not allege that the funds are traceable at all. Instead, it merely "seeks . . . an order requiring the return of such funds and a tracing of any portion of such funds no longer in the Defendants' possession or control." Compl. ¶ 58.

Moreover, to the extent that Cigna relies on the detention order entered in the criminal action pending against Reddy, this order only permits the inference that Reddy transferred at least $43 million to his mother's bank account in India. Assuming that the $1,934,502.15 in overpayments that Cigna now seeks was included in the $43 million transferred to Reddy's mother, the Detention Order actually suggests that the funds that Cigna is seeking are no longer in the defendants' possession. *See Knudson*, 534 U.S. at 213-14 ("where the property sought to be recovered or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the defendant." (brackets and internal quotations omitted)); *see also Amara*, 131 S. Ct. at 1879 ("traditionally speaking, relief that sought a lien or a constructive trust was legal relief, not equitable relief, unless the funds in question were 'particular funds or property in the defendant's possession.'" (quoting *Knudson*, 534 U.S. at 213)).

Accordingly, because Cigna has not plausibly alleged that the basis for its § 503(a)(3) claim and the nature of the underlying remedies it seeks are equitable, as opposed to legal, the court grants Defendants' motion to dismiss Cigna's claim for overpayments under

- 12 -

ERISA.[8]

IV

The court now turns to the part of Cigna's declaratory judgment claim that is based on federal law.

Cigna seeks a declaratory judgment that no coverage is due where the defendants have failed to enforce the plans' cost-share requirements; that Cigna is entitled to recoup all overpayments paid to the defendants for medical services that were not provided to Cigna members; and that the defendants must return to Cigna all sums received from Cigna for the claims at issue. The court declines in its discretion to consider this claim. *See, e.g., Everett Fin., Inc. v. Primary Residential Mortgage, Inc.*, 2016 WL 7378937, at *18 (N.D. Tex. Dec. 20, 2016) (Fitzwater, J.) ("This court has often declined in its discretion to adjudicate declaratory judgment actions that are duplicative of other claims in the same case.").[9]

V

Although the court is dismissing Cigna's ERISA claims, it will permit Cigna to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the

---

[8]Because the court is granting Defendants' motion to dismiss this claim, it does not address the contention that this claim is barred by limitations.

[9]Because the parties in their briefing do not address this claim in detail, the court declines to do so as well. If Cigna opts to pursue a federal declaratory judgment claim in its first amended complaint and Defendants move to dismiss it, the court may go into greater detail in explaining its reasons for dismissing or declining to dismiss that claim.

- 13 -

plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Because Cigna has not stated that it cannot, or is unwilling to, cure the defects that the court has identified, the court grants it 28 days from the date this memorandum opinion and order is filed to file a first amended complaint.

## VI

In light of the court's dismissal of Cigna's ERISA claims, the court declines to exercise supplemental jurisdiction at this time over the state-law claims. *See, e.g. McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998) ("[W]hen all federal claims are dismissed or otherwise eliminated from a case prior to trial, [the Fifth Circuit has] stated that [its] 'general rule' is to decline to exercise jurisdiction over the pendent state law claims." (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989))), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 439 (5th Cir. 2003) (en banc). The court therefore declines to reach Defendants' motions to the extent addressed to Cigna's state-law claims pending the filing of Cigna's first amended complaint, and it denies these parts of their motions without prejudice as moot.[10]

---

[10]The court expresses no view on whether Cigna's state-law claims are conflict-preempted by ERISA or whether they have been adequately pleaded under Rule 12(b)(6) or 9(b).

- 14 -

\*   \*   \*

For the reasons explained, the court dismisses Cigna's ERISA claims, grants Cigna leave to file a first amended complaint, and declines to reach Defendants' motions to the extent addressed to Cigna's state-law claims. The court grants in part and denies in part without prejudice as moot Reddy's April 16, 2020 motion to dismiss for failure to state a claim and Boggan's April 24, 2020 motion to dismiss for failure to state a claim.

**SO ORDERED**.

June 29, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE