IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CIGNA HEALTHCARE OF TEXAS, INC., et al., | § § § | |
| Plaintiffs, | § § | |
| VS. | § § § | Civil Action No. 3:20-CV-0077-D |
| VCARE HEALTH SERVICES, PLLC, et al., | § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

In this action alleging claims under ERISA[1] and state law to recover alleged overpayments to healthcare providers, defendant Mary Boggan ("Boggan") moves to dismiss plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Concluding that plaintiffs have not pleaded a plausible ERISA claim,[2] the court dismisses these claims with leave to replead, and it declines in its discretion to reach plaintiffs' state-law claims.

I

Because the court has discussed the background facts and procedural history of this case in a earlier opinion addressed to a prior motion to dismiss, *see Cigna Healthcare of Texas, Inc. v. VCare Health Services, PLLC* (*Cigna I*), 2020 WL 3545160, at *1-2 (N.D. Tex.

---

[1]The Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

[2]Concerning the part of plaintiffs' declaratory judgment claim that is based on ERISA, it is more precise to say that the court is declining to consider that claim even if it is plausibly pleaded. *See infra* § IV.

June 29, 2020) (Fitzwater, J.), it will limit its discussion to what is necessary to understand this ruling.

Plaintiffs Cigna Healthcare of Texas, Inc., Cigna Health and Life Insurance Company, and Connecticut General Life Insurance Company (collectively, "Cigna") are managed care companies that, *inter alia*, administer employee health and welfare benefit plans.  Defendants VCare Health Services, PLLC, Texas Care Clinics, PLLC, and Waxahachie Medical, PLLC (collectively, the "Corporate Entities") are out-of-network healthcare providers that received payments on healthcare claims (some allegedly fraudulent) that they submitted to Cigna.  The Corporate Entities are allegedly controlled, in whole or in part, by defendant Trivikram Reddy ("Reddy") and Boggan.

Cigna alleges that the Corporate Entities, through Reddy and Boggan, engaged in numerous fraudulent billing practices and illegal "fee forgiveness."  As to Boggan, Cigna asserts that she knowingly submitted false medical records; billed for services that were not provided or for more dates of service than were provided; indicated a licensed physician had performed services when they had not; used physician's credentials without authority; falsely represented the amount owed by Cigna members to them; and used the wrong entity and tax identification numbers.

Cigna brings claims under ERISA for overpayments and declaratory judgment, and under state law for common law fraud, civil conspiracy, unjust enrichment, negligent misrepresentation, declaratory relief, money had and received, negligent supervision, and exemplary damages.

- 2 -

In *Cigna I* the court granted the motions of Boggan and Reddy to dismiss the federal claims asserted in Cigna's complaint, but also granted Cigna leave to replead. *See Cigna I*, 2020 WL 3545160, at *7. Cigna then filed a first amended complaint ("amended complaint"), which Boggan moves to dismiss under Rule 12(b)(6).[3]

## II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a motion to dismiss, Cigna must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level [.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

---

[3]Cigna maintains that Boggan has not specifically requested that the court dismiss Cigna's claim for declaratory relief under federal law. Although neither side addresses this claim in its or her briefing, because Boggan moves to dismiss Cigna's amended complaint in its entirety, the court dismisses this claim as well. *See infra* § IV.

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "a formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Twombly*, 550 U.S. at 555).

### III

Boggan contends that Cigna has not pleaded a claim against her under § 502(a)(3) of ERISA because it does not allege that Boggan is subject to an equitable lien by agreement or that she is in possession of overpaid funds and thereby subject to an equitable lien in restitution.

### A

Under § 502(a)(3), a fiduciary such as Cigna can bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3); *see also Sereboff v. Mid. Atl. Med. Servs., Inc.*, 547 U.S. 356, 361 (2006) (citing 29 U.S.C. § 1132(a)(3)). An action only falls under § 502(a)(3) if the plan or plan fiduciary seeks restitution in equity in the form of a constructive trust or equitable lien. *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002).

- 4 -

Cigna maintains that its claim for overpayments under § 502(a)(3) is equitable, not legal. In its amended complaint, Cigna alleges that defendants are subject to an equitable lien by agreement created by benefit plans administered by Cigna. Am. Compl. ¶¶ 71-73. In its response to Boggan's motion—but not in its amended complaint—Cigna posits alternatively that it is entitled to recover overpayments in the form of an equitable lien in restitution. To survive Boggan's motion to dismiss Cigna's ERISA overpayments claim, Cigna must plausibly plead that it is entitled to either type of equitable relief from Boggan specifically.

Boggan contends that Cigna does not allege that she was ever in possession of any alleged overpayments such that a lien—equitable or agreed—could attach; that she provided any services for overpayments; or that she was the alter ego or owner of any of the subject services or providers. According to Boggan, Cigna has also failed to identify any funds in Boggan's possession that can be traced to alleged overpayments. She maintains that a claim for overpayments under ERISA § 504(a)(3) can only seek equitable, not legal, relief, and that because Cigna has not alleged that Boggan received any overpayments, it has not pleaded for any equitable relief from her.[4]

Cigna responds that it has alleged a claim for recovery of overpayments from Boggan under theories of equitable lien by agreement and equitable lien by restitution. Concerning equitable lien by agreement, Cigna argues that its plans create an equitable lien by

---

[4]Boggan also maintains that Cigna's ERISA claim is barred by a two-year statute of limitations. Cigna contends that its ERISA claim is subject to a four-year limitation period because it is akin to a fraud claim. Because the court is granting Boggan's motion to dismiss on a separate ground, it does not reach this issue.

agreement, cites a representative plan, and maintains that tracing funds from overpayment to Boggan is not required for recovery based on such an agreement. Cigna posits that, because Boggan allegedly played an integral role in the Corporate Entities' scheme to obtain overpayments from Cigna, it does not matter whether Boggan ever possessed any overpayments.

Regarding equitable lien by restitution, Cigna concedes that it must show tracing of funds from overpayments to Boggan, but it maintains that it has alleged that the overpayments can be traced to funds in a foreign account in the name of Reddy's mother.

Boggan replies that Cigna has not plausibly alleged that she was ever paid any of the funds in question; therefore, Cigna cannot impose a lien—whether by agreement or in restitution—against her.

B

The court first decides whether Cigna has plausibly alleged that it can impose on Boggan an equitable lien by agreement.

1

Courts generally consider equitable liens by agreement to be "appropriate equitable relief" under § 502(a)(3). *See, e.g., Sereboff*, 547 U.S. at 368 (holding that plaintiff sought an equitable remedy where its claim was "indistinguishable from an action to enforce an equitable lien established by agreement"). But "ERISA-plan provisions do not create constructive trusts and equitable liens by the mere fact of their existence; the liens and trusts are created by the agreement between the parties to deliver assets." *Cent. States, Se. & Sw.*

- 6 -

*Areas Health & Welfare Fund v. Health Special Risk, Inc.*, 756 F.3d 356, 365 (5th Cir. 2014). To determine whether an equitable lien is appropriate in a specific case, the court looks to the plan documents. *ACS Recovery Servs., Inc. v. Griffin*, 723 F.3d 518, 525 (5th Cir. 2013) (holding that equitable lien by agreement "arise[s] when an agreement identifies a specific fund, distinct from the obligor's general assets, and identifies a particular portion of the fund that is owed to a counter party.").

Cigna alleges that its plans create an equitable lien by agreement between "the parties" based on the following language from a representative plan:

> Recovery of Overpayment
>
>> When an overpayment has been made by Cigna, Cigna will have the right at any time to: recover that overpayment from the person to whom or on whose behalf it was made; or offset the amount of that overpayment from a future claim payment. In addition, your acceptance of benefits under this plan and/or assignment of Medical Benefits separately creates an equitable lien by agreement pursuant to which Cigna may seek recovery of any overpayment. You agree that Cigna, in seeking recovery of any overpayment as a contractual right or as an equitable lien by agreement, may pursue the general assets of the person or entity to whom or on whose behalf the overpayment was made.

Am. Compl. ¶ 73 (bold font omitted) (quoting Am. Compl. Ex. 5).

Boggan maintains that Cigna's ERISA overpayments claim must be dismissed because it has failed to allege that she is a "person or entity to whom or on whose behalf [any] overpayment was made," as required by the representative plan. Cigna acknowledges that the representative plan sets forth an agreement "that Cigna may recover overpayments

from the general assets of the person or entity to whom or on whose behalf the overpayment was made." Ps. Resp. at 9.

Cigna summarizes its allegations against Boggan as follows:

> Cigna alleges Ms. Boggan knowingly submitted false medical records to Cigna and participated in submitting claims to Cigna that billed for services that were not provided, billed for more dates of service than actually occurred, indicated a licensed physician had performed (or supervised) medical services when they had not done so, improperly used the managing physicians' credentials without authority, falsely represented the amount owed by Cigna members due to the practice of fee forgiveness, and used alternating entity names and tax identification numbers that did not correspond with the actual provider entity's name.

*Id.* at 9 n.3. Nowhere does Cigna allege that Boggan received any overpayments or that any overpayments were made on her behalf.

Cigna argues that, even if Boggan never had possession or control of any overpayment, she is still subject to an equitable lien by agreement, and cites *ACS Recovery Services, Inc. v. Griffin*, 723 F.3d 518 (5th Cir. 2013), in support. But the language Cigna quotes demonstrates that *ACS Recovery Services* is inapposite. In that case, the plan fiduciaries sought to recover overpayments to an injured person who received both payments from a plan and payments from a special needs trust set up as part of a settlement of his personal injury claims. *Id.* at 529. The injured person failed to reimburse the plan first for payments made for his injuries, and the Fifth Circuit concluded that the injured person had "at least constructive possession and control of the [settlement] fund" because he signed settlement documents assenting to the disposition of the fund. *Id.* Importantly, the court did

- 8 -

not impose a constructive trust on settlement funds distributed to the injured person's wife because the plan fiduciaries failed to show that those funds were attributable to the injured person's injuries (subject to overpayment) instead of her own claims arising from the accident. *Id.*

*ACS Recovery Services* holds that a person need not have actual possession of overpaid funds if she has constructive possession over them. But the present case is different. Cigna does not allege that Boggan had even constructive possession over any overpayment.[5]

2

The court need not decide whether the terms of Cigna's representative plan are generally sufficient to confer an equitable lien by agreement. Instead, the court narrowly holds that Cigna has failed to plead an ERISA overpayments claim *against Boggan* based on an equitable lien by agreement.

Cigna alleges that its representative plans create an equitable lien by agreement by which Cigna "may pursue the general assets of the person or entity to whom or on whose

---

[5]Boggan argues in reply that Cigna has not alleged that she directly or implicitly consented to be subject to an equitable lien. Cigna has not asserted that Boggan was a party to any plan or explained how Boggan can properly be considered a party such that Cigna may assert an equitable lien agreement against her. Where a plan fiduciary seeks to recover from a non-plan-participant, the fiduciary must state an equitable claim for restitution and show that overpaid funds can be traced to assets of the non-plan-participants. *See, e.g., Crawford & Co. Med. Ben. Tr. v. Repp*, 2012 WL 716921, at *4 (N.D. Ill. 2012) (holding that to assert equitable lien against non-plan-participant, plaintiff must plead and prove that overpaid funds in non-plan-participant's possession are identifiable, not dissipated, and still in control of the plan participant).

behalf overpayment was made."  Am. Compl. ¶ 73 (Ex. 5).  It posits that the agreement expressly allows for a lien to attach against the assets of a person or entity (1) to whom overpayments were made or (2) on whose behalf overpayments were made.  Cigna neither alleges that it made any overpayments to Boggan herself nor that any overpayments were made on Boggan's behalf.  So even if the court assumes *arguendo* that Cigna's representative plan did authorize an equitable lien by agreement, Cigna has not plausibly pleaded that it secured an equitable lien by agreement over any of Boggan's assets.

C

The court also rejects Cigna's contention that its § 502(a)(3) claim against Boggan is viable as an equitable lien by restitution.

Cigna maintains that the amended complaint "precisely traces and identifies the $1,934,502.15 in wrongfully paid healthcare claims for services which were not rendered, and that were rendered under false pretenses."  Ps. Resp. at 10.  The court—without addressing whether Cigna has plausibly pleaded any claim for an equitable lien by restitution—narrowly holds that Cigna has not plausibly pleaded any such claim *against Boggan*.

It is well established that to recover under a theory of equitable lien *by restitution*—as opposed to *by agreement*—the claimant must establish that the overpayments can "clearly be traced to funds or property in the defendant's possession."  *Knudson*, 534 U.S. at 213. Cigna does not allege that Boggan has actual or constructive possession of any of the overpaid funds.  It does not plead that any of the overpaid funds can be traced to funds in the

- 10 -

actual or constructive possession of Boggan. Rather, Cigna alleges that "Cigna's overpayments to Defendants can be traced from the Reddy Healthcare Entities checking accounts to a TVR Holdings account"; that the TVR Holdings account was in the name of Reddy's mother; and that subsequent transfers were made from the TVR Holdings account to accounts in the name of Reddy's mother. Ps. Resp. at 10-11 (citing Am. Compl. ¶¶ 61-63).

Accordingly, for the reasons explained, the court holds that Cigna has failed to plausibly plead a claim for overpayments under ERISA.

IV

The court now turns to the part of Cigna's declaratory judgment claim that is based on ERISA.

Cigna seeks a declaratory judgment that no coverage is due where the defendants have failed to enforce the plans' cost-share requirements; that Cigna is entitled to recoup all overpayments paid to the defendants for medical services that were not provided to Cigna members; and that the defendants must return to Cigna all sums received from Cigna for the claims at issue. Cigna asserts that Boggan has failed to specifically move for the dismissal of Cigna's request for declaratory relief under ERISA.

Although the parties have not substantively addressed this claim in their briefs, the court declines in its discretion to consider it. *See, e.g., Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, 2016 WL 7378937, at *18 (N.D. Tex. Dec. 20, 2016) (Fitzwater,

J.) ("This court has often declined in its discretion to adjudicate declaratory judgment actions that are duplicative of other claims in the same case.").[6]

V

In light of the dismissal of Cigna's federal-law (ERISA) claims, the court declines to exercise supplemental jurisdiction at this time over Cigna's state-law claims. *See, e.g., McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998) ("[W]hen all federal claims are dismissed or otherwise eliminated from a case prior to trial, [the Fifth Circuit has] stated that [its] 'general rule' is to decline to exercise jurisdiction over the pendent state law claims." (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989))), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 439 (5th Cir. 2003) (en banc).  The court therefore declines to reach Boggan's motion to dismiss to the extent it is addressed to Cigna's state-law claims, and it denies without prejudice as moot the parts of Boggan's motion that address the state-law claims.[7]

VI

Although the court is granting Boggan's motion, and although it has already given Cigna one opportunity to replead, the court will grant Cigna another opportunity to amend.

---

[6]Consistent with what the court stated in *Cigna I*, "[i]f Cigna opts to pursue a federal declaratory judgment claim in its [second] amended complaint and [Boggan] move[s] to dismiss it, the court may go into greater detail in explaining its reasons for dismissing or declining to dismiss that claim."  *Cigna I*, 2020 WL 3545160, at *6 n.9.

[7]The court expresses no view on whether Cigna's state-law claims are conflict-preempted under ERISA.

"'[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.'" *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  After the court granted Boggan's motion to dismiss addressed to Cigna's complaint, Cigna filed its amended complaint, and Boggan makes new arguments in the motion to dismiss addressed to the amended complaint.  Cigna has not stated that it cannot, or is unwilling to, cure the defects that the court has identified.  And plaintiffs are often able to state plausible claims for relief when amending after a motion to dismiss has been granted.  *See, e.g., Reneker v. Offill*, 2010 WL 1541350, at *2, *7 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) (concluding, after twice granting motions to dismiss, that plaintiff's second amended complaint stated claim on which relief could be granted).

The court therefore grants Cigna 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.  If Cigna repleads, Boggan may move anew to dismiss, if she has a basis to do so.

- 13 -

\*   \*   \*

For the reasons explained, the court grants Boggan's motion to dismiss addressed to Cigna's federal-law (ERISA) claims and denies as moot the part of her motion addressed to Cigna's state-law claims.  The court grants Cigna leave to file a second amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

October 28, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE