IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CIGNA HEALTHCARE OF TEXAS, INC., et al., | § § § |
| Plaintiffs, | § § Civil Action No. 3:20-CV-0077-D |
| VS. | § § |
| VCARE HEALTH SERVICES, PLLC, et al., | § § § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In this civil action related to an alleged scheme to commit healthcare fraud, defendant Trivikram Reddy ("Reddy") moves for a second time to stay or abate the case until his plea agreement is accepted and he is sentenced in his criminal case. For the reasons that follow, the court denies the motion.

I

Because the court has discussed the background facts and procedural history of this case in an earlier opinion addressed to a prior motion to stay or abate, *see Cigna Healthcare of Texas, Inc. v. VCare Health Services, PLLC* (*Cigna II*), 2020 WL 1640338, at *1 (N.D. Tex. Apr. 2, 2020) (Fitzwater, J.), it will limit its discussion to what is necessary to understand this ruling.

Reddy was indicted on November 20, 2019 on one count of conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349, for allegedly "submitting and causing the

submission of false and fraudulent claims to Medicare for medical procedures that were either not performed at all or not performed by the provider claimed." Ps. App. 2. On October 27, 2020 Reddy entered a guilty plea before a magistrate judge, who has recommended that the plea be accepted by the presiding district judge.

After Reddy was indicted, plaintiffs Cigna Healthcare of Texas, Inc., Cigna Health and Life Insurance Company, and Connecticut General Life Insurance Company (collectively, "Cigna") sued Reddy and seven other defendants for, *inter alia*, submitting fraudulent healthcare claims to Cigna for services that were not rendered and/or were not performed or reviewed by a managing physician; falsifying medical records; and routinely engaging in illegal fee forgiveness. Cigna seeks to recover overpayments under ERISA[1] and also asserts claims for common law fraud, civil conspiracy, unjust enrichment, negligent misrepresentation, declaratory relief, money had and received, negligent supervision, and exemplary damages.

On April 2, 2020 the court denied Reddy's first request to stay or abate this civil action until his criminal action was resolved. *Cigna II*, 2020 WL 1640338, at *6.

On June 29, 2020 the court held that Cigna had not plausibly alleged its ERISA claim and granted in part and denied in part Reddy and defendant Boggan's motions to dismiss. Cigna filed its first amended complaint ("amended complaint") on July 27, 2020.

---

[1]The Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

Reddy now moves for a second time to stay or abate this motion until he is sentenced in his criminal case. Cigna opposes the motion.

II

"[A] district court may stay a civil proceeding during the pendency of a parallel criminal proceeding. Such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (citing *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. Oct. 1981)). "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citation omitted).

> In ruling on requests for stays of the civil side of parallel civil/criminal proceedings
>
> > [j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed-unstayed.

*United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997) (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)). Moreover, "[i]n the proper case the trial judge should use his discretion to narrow the range of discovery" rather than staying the entire case. *Campbell*, 307 F.2d at 487.

Courts from other jurisdictions have outlined several factors that should be considered in determining whether "special circumstances" warrant a stay, including: (1) the extent to

which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Arevalo v. City of Farmers Branch, Tex.*, 2017 WL 1153230, at *14 (N.D. Tex. Mar. 28, 2017) (Fitzwater, J.) (quoting *Heller Healthcare Fin., Inc. v. Boyes*, 2002 WL 1558337, at *2 (N.D. Tex. July 15, 2002) (Fitzwater, J.)).

### III

The court previously considered each of these factors in *Cigna II* and held that the factors *in toto* did not warrant a stay. *See Cigna II*, 2020 WL 1640338, at *2-6. In the instant motion, Reddy argues that new facts require the court to re-weigh the factors. The court will address the two factors that are purportedly impacted by new facts.

### A

Regarding the first factor, Reddy argues that the amended complaint demonstrates additional overlap between the two actions because it alleges that defendants "'used similar methods to wrongfully defraud Medicare,'" D. Mot. at 5 (quoting amended complaint ¶ 58), cites Reddy's indictment, *id.* at 5, and relies on the criminal investigation as support for claims for overpayments under ERISA, *id.* at 6.

Cigna acknowledges that the criminal proceeding has some connection to the events giving rise to this civil action but maintains that the court's reasoning in *Cigna II* is equally applicable to Reddy's present motion.

The court previously found that while there is some overlap between the criminal case against Reddy and this civil suit, such overlap was insufficient to warrant a stay. *See Cigna II*, 2020 WL 1640338, at *2-3. The court noted that this civil action arises out of defendants' billing and related practices for medical services purportedly provided to Cigna members and that Cigna does not seek to recover Medicare funds or allege any fraudulent conduct with respect to Medicare claims. *Id*. In contrast with the civil case, the indictment in the criminal case is limited to healthcare fraud in connection with medical procedures billed to Medicare and does not encompass the allegedly fraudulent claims practices specific to Cigna. *Id.* at *3. The court also explained that Cigna is not a party to the criminal case, and that Reddy is the only named defendant in that case. "[T]he potential for prejudice to a criminal defense is diminished where private parties, and not the government, are the plaintiffs in the civil action." *Alcala v. Tex. Webb Cty*., 625 F.Supp.2d 391, 402 (S.D. Tex. 2009) (citation omitted)).

Concerning Reddy's present motion, the court again acknowledges that there is some overlap in the civil and criminal cases, and that Cigna alleges that the defendants here used

similar methods to defraud Cigna as are alleged in the criminal indictment. But the court again finds that Reddy has not demonstrated a sufficient overlap to warrant a stay.[2]

B

On the fourth factor, the court in *Cigna II* held that Reddy failed to demonstrate that his private interest warranted a stay. *See Cigna II*, 2020 WL 1640338, at *5. The court explained that Reddy had not demonstrated that he faced an actual threat to his Fifth Amendment rights if both cases proceed simultaneously; declared his intention to invoke his Fifth Amendment privilege; provided evidence of the subjects that could be implicated by his decision to invoke his Fifth Amendment privilege; or shown how he would be prejudiced in either action if he invoked his Fifth Amendment privilege in both. *Id.*

Reddy now asserts that, if the court denies this motion, he will file his answer and invoke his Fifth Amendment privilege and that such "would substantially and irreparably prejudice his civil case" by the "adverse inference that would be drawn from his silence." D. Mot. 8.[3] He maintains that he will be prejudiced by the overlapping discovery between the two actions. *Id.*

Cigna responds that Reddy has not demonstrated more than the mere possibility of prejudice, as required under the law, and that Reddy has failed to explain how invoking the

---

[2]Cigna also maintains that Reddy has waived his right to seek a stay by participating in the planning and scheduling of discovery. Because the court denies Reddy's motion on other grounds, it does not address this argument.

[3]Cigna points out that Reddy has already filed an answer asserting his Fifth Amendment privilege.

Fifth Amendment privilege would prejudice him. Cigna also points out that the government is neither a party to this civil case nor attempting to obtain any discovery in this civil case to use in the criminal case.

As the court noted in *Cigna II*, "a party asserting prejudice to his Fifth Amendment rights must demonstrate 'more than the mere possibility of prejudice.'" *Cigna II*, 2020 WL 1640338, at *5 (quoting *In re Ramu Corp.*, 903 F.2d at 320). "The [movant] should at least be required to make a specific showing of the harm it will suffer without a stay and why other methods of protecting its interests are sufficient." *Id.* Reddy has not demonstrated any evidence of the subjects that could be implicated by his invocation of his Fifth Amendment rights or shown how he will be prejudiced by such invocation. Nor has he shown that overlapping discovery is likely or may be prejudicial to him given that he has now entered a guilty plea in the criminal case and is awaiting sentencing.

The court again holds that this factor does not warrant a stay.

C

As to the other factors, Reddy has not provided a basis for why the court should weigh them differently than it did in *Cigna II*. Accordingly, for the reasons expressed herein and in *Cigna II*, the court concludes that Reddy's second motion to stay or abate should be denied. "A district court should stay the civil case only upon a showing of 'special circumstances,' so as to prevent the defendant from suffering substantial and irreparable prejudice." *Alcala*, 625 F.Supp.2d at 397-98 (citation omitted). Beyond his assertion that

parallel litigation of the civil suit and criminal cases will cause him substantial and irreparable prejudice, Reddy has not demonstrated special circumstances justifying a stay.

* * *

Accordingly, for the reasons explained, Reddy's second motion to stay or abate case is denied.

**SO ORDERED**.

November 17, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE